Curia per O’Neall, J.
In this case, the plaintiff on the plain principles of law, cannot recover. His wife had neither possession nor right of possession. The title, according to the deed, was in Addison, who was to apply the slave for the support of the plaintiff’s wife for twenty-one years. This even in land, and under the Statute of Uses, would not be an use executed. For there was something to be done by the trustee, the application of the trust property for the support of a minor and afterwards a married woman.
In personal property the legal estate under such a deed is beyond all doubt in the trustee. Burnett vs. Rice, Speer’s Eq. 579. The wife dying before the term expired, it was impossible she could have either right of property or possession: and it is therefore idle to talk about the marital rights attaching.
Neither, even if the doctrine of merger applied to personal property, could that help the plaintiff. For there could be no merger of the estate of the trustee, in the ultimate rights of the cestui que trust. They are distinct estates and rights.
The motion is dismissed.
Wardlaw, Withers, Whither, Glover, and Muhro, 'JJ-concurred.
Motion dismissed.